1    COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT. 42 U.S.C §§ 1983

2    Name GUZMAN , RICARDO

3         (Last)           (First)        (Initial)

4    Prisoner Number C12538

5    Institutional Address Pelican Bay State Prison, P.O. BOX 7500

6    CRESCENT CITY, CALIFORNIA 95532

7              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA

8    RICARDO GUZMAN,

9    (Enter the full name of plaintiff in this action.)     **CV 13 5634**

10          vs.                 )   Case No. _____
                                )   (To be provided by the Clerk of Court)

11    R.Barnes, Warden,         )
                                )   COMPLAINT UNDER THE

12    Dr. Merle Sogge, and etc.     )   CIVIL RIGHTS ACT,
                                )   Title 42 U.S.C § 1983

13                                    )   _EMC_

14                                    )

15    (Enter the full name of the defendant(s) in this action)    )   **(PR)**

16    [All questions on this complaint form must be answered in order for your action to proceed.]

17    I.     Exhaustion of Administrative Remedies.

18        [**Note:** You must exhaust your administrative remedies before your claim can go

19        forward. The court will dismiss any unexhausted claims.]

20        A.     Place of present confinement PBSP · SHU

21        B.     Is there a grievance procedure in this institution?

22             YES (✓)    NO ( )

23        C.     Did you present the facts in your complaint for review through the grievance

24             procedure?

25             YES (✓)    NO ( )

26        D.     If your answer is YES. list the appeal number and the date and result of the

27             appeal at each level of review. If you did not pursue a certain level of appeal.

28             explain why.

COMPLAINT                      - 1 -

1. Informal appeal __PBSP HC12026746__
   __CANCELLED__

2. First formal level __BYPASS__

3. Second formal level __PBSP-HC 12026840__
   __Denied__

4. Third formal level __PBSP- HC 12026840__
   __Denied__

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES (✓)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

_____

_____

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
   __RICARDO GUZMAN #C12538__
   __P.O.BOX 7500 PBSP-SHU D7.203__
   __CRESCENT CITY, CALIFORNIA 95532__

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
   __R. BARNES, Warden; Pelican Bay State Prison__

COMPLAINT                    - 2 -

1  DR. MERLE SOGGE, Physician; Pelican Bay State
2  Prison, and others' to be Ascertain at an later
3  date, - VIA - Trial !  SEE ATTACHED AT Pgs. 5 - 8 !
4  DUE TO A LACK OF WRITING SPACE !

5  III.   Statement of Claim.

6       State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10       PLEASE SEE ATTACHED

11  HANDWRITTEN PETITION AT PAGES 8 - 15.

12

13  DUE TO A LACK OF WRITING SPACE !

14

15  SEE ALSO PAGES 17 - 26

16

17

18

19

20

21

22

23  IV.   Relief.

24       Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26       PLEASE SEE ATTACHED HANDWRITTEN

27  PETITION AT PAGES 26 - 28, DUE TO A

28  LACK OF WRITING SPACE !

COMPLAINT                    - 3 -

1

2

3

4

5   *I declare under penalty of perjury that the foregoing is true and correct.*

6

7   Signed this __26__ day of __NOVEMBER__, 20 __13__

8

9

10   _____
       (Plaintiff's signature)

11

12   Ricardo Segoment

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CV 13 5634 EMC

CIVIL No. _____

RICARDO GUZMAN
Plaintiff,

**(PR)**

COMPLAINT FOR
VIOLATION OF CIVIL
RIGHTS;

V.

_____, Director,
California Department of Corrections
and Rehabilitations (CDCR)

DECLATORY RELIEF
AND DAMAGES,

_____, Former Warden,
Pelican Bay State Prison (PBSP)

Dr. Merle Sogge_____, Physician,
Pelican Bay State Prison (PBSP)

DEMAND FOR
JURY TRIAL

_____, Register Nurses (RN),
Pelican Bay State Prison (PBSP)

_____, Medical Technician Assistant
(MTA),
inclusive; each being sued in their
individual and official capacities,

Defendants

# I. Jurisdiction

1. This action is brought Pursuant to 42 U.S.C. Sections 1983 and 1985 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343. The Court also has Pendent Jurisdiction over the State claims Pursuant to 28 U.S.C. Section 1367. Plaintiff seeks declaratory relief Pursuant to 28 U.S.C. Sections 2201 and 2202. The unlawful acts and Practices alleged occurred Primarily within this Judicial district and the majority of the defendants reside within this district 28 U.S.C. Section 1391(b). Plaintiff respectfully requests a Jury Trial on these allegations.

# II. Parties

2. Plaintiff, Ricardo Guzman is, and was at all times mentioned herein, a prisoner of the State of California, in the custody of the California Department of Corrections and Rehabilitations (CDCR). Plaintiff is currently confined at Pelican Bay State Prison (PBSP) and housed within the Security Housing

Unit (SHU).

3. Defendant _____ is the Director of the CDCR. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including PBSP.

4. Defendant R. Barnes is the current Warden at PBSP. He is legally responsible for the operation of PBSP and for the welfare of all the inmates of that Prison.

5. Defendant _____ is the former Warden at PBSP. During his tenure, he was legally responsible for the operation of PBSP and the welfare of all the inmates of that Prison.

6. Defendant Dr. Merte Sogge is the Physician at PBSP. At all relevant times mentioned herein, he was legally responsible for ordering and performing Liver Biopsy-Procedure at PBSP.

7. Defendant _____ is the Register Nurse (RN) at PBSP. At all relevant times mentioned herein she was legally responsible for the Medical operations, and or assisting the Physician with

operations, Procedures, and such regarding the Liver Biopsy.

8. Defendant _____ is the Medical Technician Assistant (MTA) at PBSP. At all relevant times mentioned herein, she was legally responsible for assisting the Physician, Register Nurse at PBSP with Medical Procedures and such regarding the Liver Biopsy.

9. Defendants DOES 1-4, are, as well as the named Defendants each responsible in some manner for the constitutional violations and damages to Plaintiff alleged herein. The true names and capacities or defendants DOES 1-4 are presently unknown to Plaintiff. Many of the DOES were supervisors involved in Policy-making decisions and are sued in their individual and official capacities. Plaintiff is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the constitutional violations and damages to Plaintiff alleged herein. Plaintiff therefore sues DOES 1-4 by such fictitious names and will seek leave to amend this Complaint to add their true names when the

Same have been ascertained.

10. Each defendant is sued individually and in his or her official capacity. Defendants, at all times mentioned herein / acted under the Color of California Laws.

## III. INTRODUCTION OF FACTS

11. This action arises from the defendants' practices, acts and/or policies which have caused Plaintiff to be irreparably harmed, injured and maimed on the basis of Medical Malfeasance.

## IV. FACTS

12. On June 16, 2011, Plaintiff along with (11) eleven other inmates were scheduled for a Liver Biopsy. All Biopsies were performed at the Main Clinic at Pelican Bay State Prison (PBSP), from 0800 Hrs. to 1600 Hrs.

13. That evening Plaintiff was feeling some discomfort in his midsection and it made it difficult to sleep.

- 8 -

14. On June 17, 2011, the Pain and Discomfort continued but was alot sharper. At 1245hrs. Plaintiff asked to see the Medical Staff, at which time He was escorted to the Security Housing Units-Facility Clinic. Plaintiff was seen by the MTA and told them about the sharp Pain He was having in his midsection.

15. Plaintiff advised the MTA Staff, that he had a Liver Biopsy on June 16, 2011. And that the Pain has been getting worse since the Procedure that day.

16. The MTA gave Plaintiff some IbuProfen and told Him if the pain continued to let Custody Staff in the Housing Unit Knew.

17. The MTA wrote it down but that was it and Plaintiff was escorted back to his cell.

18. At 1715hrs. on the same day the Pain worsen and Plaintiff broke out in sweats and had shortness of breath.

19. At that time during the MTA's rounds, Plaintiff was seen again by the MTA then the RN, at which time, Plaintiff was taken to the Main Clinic hooked up to an I.V. for about 90 minutes, then discharged back to his cell and was told if it happened again to let the Medical Staff Know.

20. On June 18, 2011., at 0700 Hrs. the pain in Plaintiff's midsection was so unbearable he thought he was going to die. Plaintiff had Custody Staff call the Medical Staff, at which time he talked to her. Plaintiff told the MTA he was hurting real bad, had the Shakes, and breaking out in sweats.

21. The MTA told Plaintiff that she was making her medication runs, that if he could wait until she was done with her delivery's; She would get to him.

22. As Plaintiff was making his way back to his cell, He fell to his Knees in severe pain. At which time Plaintiff told the Guy in the next cell to call a "Man Down".

-10-

23. Plaintiff is informed and believes, and thereon alleges, after the "Man Down"(i.e. distress) call was initiated, Custody Staff came to his cell, seen that he was in bad shape and assisted Plaintiff back down the stairs and sat him in a wheelchair.

24. The MTA called the RN on duty and upon seeing Plaintiff she knew something was terribly wrong.

25. Thus, Plaintiff was taken to the Main Clinic, once again hooked up to an I.V. and examined. While all this was transpiring the Pain kept increasing "only" then was Plaintiff given something for the Pain.

26. Plaintiff is informed and believes, and thereon alleges, more specifically, that shortly after 0900hrs. He was taken to Sutter Coast Hospital and had an MRI and a Sonogram [Please See Exhibits L, M, and N,O.] done.

27. That's when the Doctor there informed Plaintiff he would have to undergo Emergency Surgery.

28. Plaintiff is informed and believes, and thereon alleges, after, the Emergency Surgery, and or before the Doctor informed Plaintiff, that his "Gallbladder" had been "Lacerated", and or "Punctured" during the Liver Biopsy. on June 16, 2011, and was leaking Bile.

29. Furthermore, the Doctor at Sutter Coast Hospital continued to explain that He had to go inside Plaintiff's adominal cavity, drain and clean up the Bile and remove the damaged (i.e. lacerated) Gallbladder.

30. With this laceration and extraction of Plaintiff's Gallbladder, Plaintiff has suffered, and continues to suffer severe pain; Hypertension, requiring daily treatment with Hydrochlordthiazide 25 Mg Tablets; medication for HIGH BLOOD PRESSURE.

31. Plaintiff is informed and believes, and thereon alleges, before the Liver Biopsy that went terribly wrong; he "was not" suffering from Hypertension nor required any form of "Medication" for High Blood Pressure.

<u>Facts Pertaining to Cruel and Unusual Punishment.</u>

-12-

32. Plaintiff has been continuously under the sole and exclusive Custody, Care, Management, and Control of the California Department of Corrections and Rehabilitation; at Pelican Bay State Prison Security Housing Unit and the California Correctional Health Care Services.

33. By deliberately bungling and mismanaging Plaintiff's Liver Biopsy, defendants have subjected Plaintiff to severe physical and mental pain and suffering. Plaintiff is required to take Hydrochlordthiazide 25 Mg. tablets for High Blood Pressure, due to complications of the Liver Biopsy caused by the defendants.

34. As a result of the Laceration of His Gallbladder, Plaintiff suffers frequent headaches, exhaustion, anxiety attacks, stress, depression, and fear of Medical Personnel.

35. Defendants were deliberately indifferent to Plaintiff's physical health despite their knowledge that he had undergone a Liver Biopsy, days before.

36. Defendants were aware that the Percutaneous Liver Biopsy Posed various complications, and the impact that these complications posed to Plaintiff's health and physicality.

—13—

37. The serious harm suffered by Plaintiff is exacerbated by the removal of his Gallbladder and, now being diagnosed as Hypertensive. The Plaintiff will remain on medication for life to regulate his Blood Pressure, due to the actions associated with the bungled Liver Biopsy and the mismanagement there after.

38. Defendants subject Plaintiff to the following conditions for an extended time:

   a) Severe Pain and constant stress and anxiety;

   b) Hot and Cold sweats, headaches, resulting in an inability to function and go about his daily routine;

   c) Constipation, nausea, and a lack of appetite; stress and anxiety.

39. Defendants and each of them negligently, carelessly, improperly and unskillfully examined, diagnosed...treated, performed surgery, and or Procedure upon and otherwise treated Plaintiff causing him to be hurt and injured in his

-14-

health, strength and activity.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.  Plaintiff has exhausted administrative
remedies as follows:

a)  Inmate Health Care Appeal CDCR602HC
Appeal Log. # PBSP-HC12026840 re:
Appealing Cancellation of 602 HC #PBSP-
HC12026746.

b)  Inmate CDCR 602 HC Appeal Log.#
PBSP-HC 12026746 re: Medical Injury
(i.e Malfeasance).

c)  State Tort Claim, claim number # G604129,
re: Personal Injury, and or Medical Malfeasance.

d)  Petition for Writ of Habeas Corpus, under State
Law for a Personal Injury, and or Tort Claim
Action, Case No.: HCPB 13-5009; In The
Superior Court for the County of Del Norte.

-15-

e) Petition, under State Law for a Personal Injury, and or Tort Claim Action, Case No.: A138346; In The Court of Appeal of the State of California, First Appellate District.

f) Petition for Writ of Habeas Corpus, under State Law for a Personal Injury, and or Tort Claim Action, Case No.: S211436; In The Supreme Court of California.

g) Letter to the Ca. Supreme Court dated May 13, 2013.

h) Letter to the Ca. Supreme Court dated August 18, 2013.

i) Letter to the Chief, Office, of Third Level Appeals Health Care dated July 29, 2012.

j) Letter to the Ca. Correctional Health Care Services dated November 26, 2012.

K) Letter from Ca. Correctional Health Care Services dated September 5, 2012.

# VI. LEGAL CLAIMS

## FIRST CAUSE OF ACTION

### (Eigth Amendment Violation-Deliberate Indifference to Serious Medical Needs)

41. Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 through 40, inclusive.

42. Plaintiff's medical condition, as described herein, constitutes a serious medical need in that failure to treat the condition has resulted in further, significant injury, and that failure to treat Plaintiff immediately caused more serious injury. Said injury has included, but not necessarily been limited to, a lacerated Gallbladder, Bile leakage in adominal cavity, and very serious pain. Plaintiff's medical condition also significantly affects his activities in prison each and every day,

43. Plaintiff is informed and believes, and thereon alleges, that defendants have acted intentionally in the manner described above and with Knowledge of Plaintiff's suffering and the risk

of further serious harm that could result from their actions or refusal to act.

44. Defendants' conduct violates 42 U.S.C.§1983, because that conduct constitutes deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

45. As a proximate result of the defendants' conduct, Plaintiff has suffered and continues to suffer from High Blood Pressure (i.e. Hypertension), and general damages in the form of severe pain and suffering and emotional distress. Plaintiff is informed and believes, and thereon alleges, that he will continue to suffer such damages in the future.

46. As a further proximate result of defendants' conduct, Plaintiff is informed and believes, and thereon alleges, that he will suffer special damages [i.e. due to Hypertension and the many side effects of the medications to treat Hypertension.] in the future in the form of medical expenses for treatment of his condition, and loss of income.

47. In acting as described herein above,

– 18 –

defendants acted despicably, knowingly, willfully, and maliciously, or with reckless or callous disregard for Plaintiff's federally protected rights, entitling Plaintiff to an award of Exemplary and Punitive damages.

## SECOND CAUSE OF ACTION

### (Eighth and Fourteenth Amendments)

48.   Plaintiff refers to and incorporates by reference herein, the allegations of paragraphs 1 through 47, inclusive.

49.   Defendants have intentionally inflicted severe physical and emotional, mental pain and suffering against Plaintiff by delaying access to medical care in violation of the Eighth and Fourteenth Amendments.

## THIRD CAUSE OF ACTION

### (Federal Equal Protection)

50.   Plaintiff refers to and incorporates by reference herein, the allegations of paragraphs 1 through 49, inclusive.

-19-

51.   Defendants have denied Plaintiff equal Protection of the law as guaranteed by the Fourteenth Amendment of the U.S. Constitution by deliberately being indifferent to Plaintiff's serious medical needs, after he explained his condition had worsen after a liver biopsy, conducted by CDCR Medical Physician; Dr. Merle Sogge.

# FOURTH CAUSE OF ACTION

## (State Equal Protection Clause)

52.   Plaintiff refers to and incorporates by reference herein, the allegations of Paragraphs 1 through 51, inclusive.

53.   Defendants have denied Plaintiff equal protection of the law as guaranteed by Article 1, section 7 of the California Constitution by deliberately being indifferent to Plaintiff's serious medical needs.

# FIFTH CAUSE OF ACTION
## (State Created Liberty Interest)

54. Plaintiff refers to and incorporates by reference herein, the allegations of paragraphs 1 through 53, inclusive.

55. Defendants have deprived Plaintiff of His State created liberty interest rights protected by the Fourteenth Amendment to the U.S. Constitution, when defendants:

   a) Failed to provide Plaintiff adequate treatment, and/or Medical Care; despite their knowledge that he had undergone a Liver Biopsy, days before. (Title 15 California Code of Regulations (CCR) Section 3350(a));

# SIXTH CAUSE OF ACTION

## (Federal Due Process)

56. Plaintiff refers to and incorporates by reference herein, the allegation of paragraphs 1 through 55, inclusive.

-21-

57. Plaintiff's medical condition, as described herein, constitutes a serious medical need in that failure to treat the condition has resulted in further significant injury and atypical hardship.

58. Plaintiff's serious medical need violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution in that defendants:

a) Failed to provide adequate Medical Care, and or treatment in timely fashion based upon outcome data.

b) Failed to give Plaintiff an opportunity to present his views to the officials making the determinations of Plaintiff's Medical Needs.

c) Failed to provide meaningful Medical Appeals reviews.

d) Placed Plaintiff in an inescapable Predicament that violates the fundamental principles of due process of law.

Because defendants negligently carelessly, improperly and unskillfully examined, diagnosed, and or treated, performed surgery upon and otherwise treated Plaintiff causing him to be hurt and injured in his health, strength and activity.

# SEVENTH CAUSE OF ACTION

## (State Due Process)

59.  Plaintiff refers to and incorporates by reference herein, the allegations of Paragraphs 1 through 58, inclusive

60.  The deliberate indifference to Plaintiff's serious medical needs violates Article 1, Sections 7 and 15 of the California Constitution in that the indifference violates the due process of law.

# EIGHTH CAUSE OF ACTION

## (Violation of Mandatory Duties - State Law)

61.  Plaintiff refers to and incorporates by

reference herein, the allegations of Paragraphs
1 through 60, inclusive.

62.   The denial of Medical Care for Plaintiff
violates California Penal Code Sections
147 and 673, which imposes a Mandatory
Duty upon defendants; each of them,
to treat Plaintiff fairly and humanely and
to protect Plaintiff's physical and mental
well-being.

63.   Title 15 California Code of Regulations
Sections 3350(a)(1)(5) imposes a
mandatory duty on defendants, each of
them, to provide Plaintiff Medical
Services, based on Medical Necessity
and Supported by outcome data as
effective medical care.

# NINTH CAUSE OF ACTION

## (Failure to Lawfully Administer, Train and Supervise)

64.   Plaintiff refers to and incorporates by
reference herein, the allegations of
paragraphs 1 through 63, inclusive.

- 24 -

65. Supervisory defendants have a duty to establish policies and procedures for the administration of Pelican Bay State Prison. Supervisory defendants have a duty to perform and execute their duties in a manner consistent with state and federal law. Supervisory defendants have a duty to train and supervise subordinate employees.

66. The Health Care System at PBSP-Security Housing Unit that exsiting prior to June 16, 2011, violated Plaintiff's rights as described in the preceding causes or action.

67. The system or recently promulgated regulations violates Plaintiff's rights as described in the preceding causes or action.

68. Supervisory defendants were deliberately indifferent to the violations or Plaintiff's rights described herein.

69. Supervisory defendants breached their duties to legally administer the prison(i.e. and its health care system), and to train and

— 25 —

supervise subordinates where Plaintiff's, rights were violated as result of the mismanagement of the health care systems regulations and official customs and policies.

70.  Supervisory defendants breached their duties to legally administer the prison, and to train and supervise subordinates where Plaintiff's rights were violated as result of defendants acting in violation of defendants' policies and practices, to the extent supervisory defendants had actual and constructive knowledge of the violations and did nothing to prevent or correct them.

## VII. CAUSATION

As a direct and proximate result of the aforementioned acts and omissions on the part of defendants, Plaintiff has suffered and continues to suffer general and special damages in an amount to be proven at trial. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.

Plaintiff has been and will continue to
be irreparably injured by the conduct
of defendants unless the court grants
the declaratory and injunctive relief
which Plaintiff seeks.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for
the following relief:

1) A declaratory judgment that the defendants'
   acts and practices described herein violate
   plaintiff's rights as herein stated.

2) A preliminary and permanent injunction
   which prohibits and requires that defendants,
   their agents, employees, and successors:
   (i) cease mismanagement of the health
   care system; (ii) cease the practice of
   liver biopsy as a procedure without providing
   an adequate remedy; (iii) Implement a clear
   and fair prison health care system that:
   a) provides inmates adequate health care;
   and Appoint a court monitor.

-27-

3) Compensatory damages of $100 a day for Plaintiff's irreparable harm from June 16, 2011 to present, from the defendants jointly and severally, excepting Barnes, to Plaintiff.

4) Compensatory damages to cover Plaintiff's mental anguish and stress as a result of injury.

5) Punitive damages of $50,000 from any defendant found to have intentionally denied Plaintiff's rights.

6) Plaintiff's cost of suit.

7) For costs and reasonable attorney's fees pursuant to AZ U.S.C. section 1983 and any other grounds authorized by law.

8) Trial by jury, including, to the extent that legitimate health concerns dictate, in judicial proceedings.

9) For further relief that the court deems just.

-28-

Dated: NOVEMBER 26, 2013

Respectfully Submitted

Ricardo Guzman
MR. RICARDO GUZMAN
IN PRO SE