UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO GUZMAN,

    Plaintiff,

    v.

MERLE SOGGE, *et al.*,

    Defendants.

Case No. 13-cv-05634-JD

**ORDER DISMISSING CASE**

    Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

### I. STANDARD OF REVIEW

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Plaintiff alleges that he received improper medical care in violation of the Eighth Amendment.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

2

1   it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
2   facts from which the inference could be drawn that a substantial risk of serious harm exists," but
3   he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but
4   was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.
5   *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion
6   between a prisoner-patient and prison medical authorities regarding treatment does not give rise to
7   a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere
8   delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference....
9   [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful."
10  *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff states that he had a liver biopsy at the clinic at Pelican Bay Prison on June 16, 2011. That night he felt discomfort in his mid-section, which made it difficult to sleep. The intensity of the discomfort and pain increased the next day (June 17). At 12:45 p.m., he asked to see medical staff and was taken to the facility clinic, where he told a nurse about the sharp pain he had in his mid-section that had been worsening since his biopsy. The nurse gave plaintiff some ibuprofen and told him to inform custody staff if the pain continued.

Plaintiff was returned to his cell, but by 5:15 p.m. that day, he had worsening pain, shortness of breath and sweating. He was seen again by medical staff and then the registered nurse, at which time he was taken to the main clinic, and hooked up to an I.V. for about 90 minutes. Thereafter, he was returned to his cell and told that he should let the medical staff know if it happened again.

At 7:00 a.m. the next day (June 18), plaintiff asked custody staff to call the medical staff because the pain was unbearable. Plaintiff told a nurse he was in a great deal of pain and was sweating and shaking. The nurse told him that she was making her medication runs and asked if he could wait and she would get to him later. As plaintiff returned to his cell, he collapsed. Custody staff assisted him back down the stairs and put him in a wheelchair. Plaintiff was taken back to the main clinic and once again hooked up to an I.V., examined and given something for his increasing pain. Shortly after 9:00 a.m., he was taken to Sutter Coast Hospital. At the

3

hospital, he had an MRI, a sonogram, and emergency surgery. The hospital doctor told him his gallbladder had been lacerated or punctured during the liver biopsy and was leaking bile. The surgeon removed his gallbladder and cleaned up the bile in his abdominal cavity. Plaintiff attributes his ongoing pain and mental suffering, as well as his current need to take high blood pressure medication, to the problems caused by the liver biopsy.

Plaintiff names as defendants in this action the doctor who performed the biopsy, the various nurses who treated him, and the supervising medical officials and wardens of the prison. In the prior screening order the Court analyzed the claims and informed plaintiff that he must demonstrate that defendants had the required mental state of deliberate indifference when they treated him. Plaintiff's amended complaint fails to show a constitutional violation.

While it is possible that the doctor who performed the biopsy was negligent, that is insufficient to state a claim in this action. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment). There are no allegations that the doctor intended to cause harm during the procedure or was deliberately indifferent in performing the biopsy.

Nor can plaintiff demonstrate deliberate indifference by the nurses who treated him following the biopsy. When plaintiff complained of pain he was provided medication and when the pain continued he was hooked up to an I.V. The next day when he collapsed he was promptly taken to the medical clinic and then to the hospital. The actions of these nurses do not support a finding of deliberate indifference. The nurses did not violate the Eighth Amendment as they were not aware of the seriousness of plaintiff's medical problems and they provided sufficient treatment. Plaintiff states that defendants should have known that his complaints of pain following a biopsy were indicative of a serious problem. While this might demonstrate medical negligence, it is insufficient to reach the much higher threshold of deliberate indifference. There are no allegations that the nurses refused to treat plaintiff for his pain. Rather, he was provided medication and an I.V., which were reasonable actions based on plaintiff's medical complaints. That plaintiff does not agree with the treatment that was provided, does not state a constitutional violation.

4

The complaint will be dismissed and as plaintiff has already been given leave to amend and as it is clear that no amount of amendments will cure the deficiencies noted by the Court, this action is dismissed with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

## CONCLUSION

1. The action is **DISMISSED** for the reasons set forth above.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  May 12, 2014

_____
JAMES DONATO
United States District Judge

13-cv-05634-JD-_dis